UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OSCAR C.M.,

          Petitioner,

      v.

JASON KNIGHT, et al.,

          Respondents.

No. 1:25-cv-01915-TLN-SCR

**ORDER**

On December 22, 2025, the Court granted Petitioner's Writ of Habeas Corpus. (ECF No.12.)  On January 5, 2026, Petitioner filed a Motion for Attorney's Fees, seeking an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $2,996.44.  (ECF No. 14.)  Respondents Jason Knight, Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, Executive Office for Immigration Review, and Christopher Chestnut ("Respondents") did not file an opposition.[1]  For the reasons set forth below, Petitioner's Motion is GRANTED.

---

[1]  The Court construes Respondents' failure to file an opposition to as a non-opposition to Petitioner's motion.  *See* E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Melendez v. Diaz*, No. 1:20-CV-00302-NONE-BAM, 2020 WL 3802735, at *2 (E.D. Cal. July 7, 2020) (granting motion based on party's lack of response to pending motion, which the court construed as a non-opposition).

1

EAJA authorizes awards of attorney fees and expenses in civil actions against the United States.  28 U.S.C. § 2412(d)(1)(A).  The provision reads:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Petitioner argues: (1) he is a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust.  (ECF No. 14 at 4–6.)  As such, Petitioner requests $2,996.44 in attorney's fees, which Petitioner contends is the statutory rate, adjusted for inflation, for work performed in 2025.[2]  (*Id.* at 6.)

As to whether he is prevailing party, Petitioner specifically argues he is a prevailing party because the Court granted Petitioner's habeas petition.  (ECF No. 14 at 4.)  Petitioner argues the Court's ruling compelled Petitioner's release from immigration custody and rejected Respondents' underlying legal positions on the merits, which constitutes a judicially sanctioned success of the type contemplated by EAJA.  (*Id.*)  The Court agrees with Petitioner that he is a prevailing party.  *Carbonell v. I.N.S.*, 429 F.3d 894, 902 (9th Cir. 2005) (holding a petitioner was a prevailing party in a civil habeas petition action even when the petitioner did not obtain final judgment but the district court entered a voluntary stipulation in the petitioner's favor); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing party).

---

[2]     Petitioner filed a declaration and an itemized billing record to reflect the hours worked for the present action.  (ECF No. 14 at 8–10.)  Petitioner utilized the Ninth Circuit's EAJA statutory maximum rates.  *See* Statutory Maximum Rates Under the Equal Access to Justice Act, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Mar. 8, 2026).  The Court finds Petitioner's requested attorney's fees (rates and hours) are reasonable.  *See Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009) ("The amount of attorneys' fees awarded under EAJA must be reasonable.").

As to whether the government's position was substantially justified, Petitioner specifically argues the government cannot show that its position has a reasonable basis in both law and fact because its interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for settled residents like Petitioner was squarely rejected by numerous courts. (ECF No. 14 at 5.) Respondents did not oppose Petitioner's motion, thus, to the extent Respondents disagree with Petitioner's argument, the Court finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–570 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position). Moreover, as Petitioner points out, the vast majority of courts in this Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). For the same reasons, the Court finds Respondents fail to meet their burden that there are special circumstances that would make an award of attorney's fees unjust.

For the reasons set forth above, Petitioner's Motion for Attorney's Fees (ECF No. 14) is GRANTED in the amount of $2,996.44.

Date: March 16, 2026

_____
Troy L. Nunley
Chief United States District Judge

3